HORACE F. RUGGLES, PLAINTIFF-RESPONDENT, v. OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, DEFENDANT-APPELLANT.

Submitted April 5, 1916—Decided June 19, 1916.

1. A trial judge, sitting as a traverse jury, is only obliged to decide questions concerning which he is requested to make a finding.

2.  It is a settled rule that a party need not be heard on a point not taken or a matter not raised and considered in the court below.

On appeal from the Supreme Court.

For the appellant, *Kalisch & Kalisch.*

For the respondent, *William J. Morrison, Jr.*

The opinion of the court was delivered by

WALKER, CHANCELLOR.   This was a suit in the District Court of the Third Judicial District of Bergen county, and tried before the judge without a jury.   The action was based on a "residence burglary and theft policy" by the terms of which the plaintiff claimed that he was entitled to damages from the defendant on account of loss sustained by him by reason of his house being burglarized.   The policy of insurance was offered in evidence, the burglary was admitted, and it was also admitted that plaintiff gave defendant notice in compliance with the terms of the contract; also the kind and value of the articles·stolen were admitted.

The plaintiff and two other witnesses on his behalf were examined, and when the plaintiff rested the defendant rested also.   At this juncture motion was made on behalf of the defendant for the court "to direct a verdict"—meaning, of course, to give judgment, there being no jury—for $100 in favor of the plaintiff and against the defendant on the ground that the policy named in its proviso toward the bottom "that should the house be left untenanted or unoccupied for a period of eighty-four hours, that in case of any loss the assured may recover $100."   This motion was denied, and judgment was given for the plaintiff for $362, the admitted value of the articles stolen.   The Supreme Court, therefore, very properly held that the only question raised was the denial of the motion to direct a verdict for $100, or more properly speaking, giving judgment for $100.   That court's *per curiam* reads as follows:

"The only legal question raised is: Did the trial judge err in denying defendant's motion to direct a verdict for $100 in favor of the plaintiff and against the defendant on the ground that the policy (of insurance) names in its proviso towards the bottom, 'that should the house be left untenanted or unoccupied for a period of eighty-four hours, that in case of any loss the assured may recover $100.'

"But upon examination we find that the proviso is by its terms limited in its operation to 'loss of jewelry, precious stones or watches.'

"Since the loss proved related almost if not quite entirely to articles not falling within such description, but which were covered by the policy, it seems clear that there was no error in the denial of the motion in question.

"The judgment will be affirmed, with costs."

The defendant-appellant contends before us that there was a breach of warranty with reference to occupancy, on account of which there should have been a judgment for the defendant, and argues that "if there had been a jury in this case the court would have been bound, irrespective of any motions made in the case, to charge the jury that before judgment could be rendered against the defendant-appellant, they must find that there was no breach of the warranties in the policy of insurance, and if the court were bound to make such a charge, if a jury had been drawn, he is also bound to take the warranties into consideration in giving judgment, when he sits as a jury."

Quite aside from the question as to whether the judge would have been bound to charge, if a jury were present, as claimed in the argument of counsel, without a request for such a charge, it is obvious that the judge, sitting without a jury, was not bound to take the question of warranty into consideration and make a finding thereon, without a specific request therefor. *Blanchard Brothers* v. *Beveridge*, 86 *N. J. L.* 561.

In *State* v. *Shupe*, 88 *N. J. L.* 610, this court observed that it is a settled rule that a party need not be heard on a point not taken or a matter not raised and considered in the

court below, referring to the cases in *N. J. Dig. Anno., tit., "Appeal and Error,"* 5 (a).

Coming now to the only meritorious question presented in the record. The request was for a judgment in favor of plaintiff because in the policy there was a *proviso* that should the house be left untenanted or unoccupied for a period of eighty-four hours, in case of any loss, the insured might recover $100. The house was left unoccupied for a period of five days, and if it had appeared that the loss was of jewelry, precious stones or watches exclusively, the defendant, who moved for the judgment against itself, would have been entitled to have no greater amount assessed against it than the sum named; but, as the Supreme Court said in its *per curiam*, the loss proved related almost, if not quite entirely, to articles not falling within such description. Therefore, it is clear, as concluded by the Supreme Court, that there was no error in the denial of the motion in question.

Let the judgment be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, PARKER, BERGEN, MINTURN, KALISCH, WHITE, TERHUNE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER, JJ. 13.

*For reversal*—None.